**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN WOBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 CV 2964 |
| v. | ) |
| | ) The Honorable William J. Hibbler |
| 1100 WEST PROPERTIES, LLC AND USA | ) |
| TITLE LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John Wober originally filed this lawsuit for the rescission of a real estate sales contract between Wober and Defendant, 1100 West Properties (1100WP) in state court. In his verified complaint, Wober alleges that 1100WP, as the seller, failed to comply with various Florida statutes regulating the sale within the state of Florida. Wober claims that he was fraudulently induced into purchasing the condominium by misrepresentations made by 1100WP and demands a judgment for rescission of the sales contract and return of his earnest money, $51,400.

On May 15, 2009, 1100WP removed this case to this Court, claiming diversity jurisdiction. *See* 28 U.S.C. §1332. Wober now moves the Court to remand his case to state court, arguing that the amount in controversy does not exceed the jurisdictional amount and, therefore, that his claim does not fall under federal jurisdiction. For the reasons stated below, the Court grants his motion.

### BACKGROUND

This dispute arises out of a real estate contract between Wober and 1100WP. Wober, an Illinois resident, entered into a contract to purchase a condominium from 1100WP on February

14, 2007. 1100WP is a Delaware limited liability company. The condo is located in Miami Beach, Florida. Upon signing the contract, the Plaintiff put $51,400 in escrow. USA Title, a Delaware limited liability company, acted as the escrow agent. The purchase of the condo included certain privileges such as memberships to hotels, restaurants, and bars. On December 28, 2008, Wober attempted to use the privileges conferred on him through the purchase of the condo but was denied access and priority to one of the restaurants. As a result, Wober sent written notice of rescission of the contract and demanded a refund of his earnest money on January 12, 2009.

On April 4, 2009, the Plaintiff filed an action for rescission of the real estate contract in the Circuit Court of Cook County, Illinois. On May 15, 2009, 1100WP removed the action to this Court. Only cases that could have originally been filed in federal court can be removed. 28 U.S.C. § 1441(a). 1100WP claims diversity jurisdiction as the source of original jurisdiction pursuant to 28 U.S.C. § 1332. Wober moved the Court to remand the case, arguing that the amount in controversy did not exceed the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332.

This Court previously held that the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit. (Oct. 30, 2009 Min. Order (citing *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002)).) Consequently, this Court held that the amount in controversy should be measured by looking to the "value of the object in litigation." (*Id.* (citing *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. ED. 2d 383 (1977)).) On the basis of the facts before the Court at the time, the Court found that the amount in controversy was the full

value of the contract, $514,000, minus offsets. In so holding, the Court allowed the parties additional briefing to determine the value of the contract.

In his brief, Wober presented additional relevant facts, including the existence of a liquidated damages clause and 1100WP's attempt to enforce the liquidated damages clause as its remedy. Specifically, Wober set forth that on January 15, 2009, USA Title informed him that 1100WP had alleged that Wober defaulted on his obligations. Furthermore, 1100WP requested that USA Title relinquish the earnest money as a result of Wober's breach. As a result of the dispute, USA Title informed Wober that it would not release the earnest money to either party until both parties agreed in writing to cancel the contract and to distribute the funds. 1100WP sought leave to file a sur-reply. The Court initially denied the Defendant's request. However, because jurisdictional issues can never be waived, *U.S. v. County of Cook, Ill.*, 167 F.3d 381, 387 (7th Cir. 1999), the Court must consider these new facts, and hereby reverses its decision. In its sur-reply, 1100WP does not dispute any of the additional facts put forth by Wober, but argues that they are irrelevant. For the reasons stated below, the Court now grants the Plaintiff's motion to remand.

### ANALYSIS

1100WP argues that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As noted above, Wober does not dispute diversity of citizenship in this case. Thus, in order to defeat Wober's motion, 1100WP must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). If 1100WP meets its burden, Wober can only defeat jurisdiction if "it appears to a legal certainty that the claim is really for

3

less than the jurisdictional amount." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Here, 1100WP argues that because Wober seeks rescission of the contract, the value of the object in litigation is the full value of the contract. The Court was originally persuaded by this argument, but agreed with Wober that the amount was therefore $514,000, the contract price, minus any offsets. (Oct. 30, 2009 Min. Order at 2.) After further briefing, 1100WP provided evidence of offsets in the amount of at least $137,700 in its supplemental statement in opposition to Plaintiff's motion to remand. (Def. Supplemental Br. at Ex. A.) More specifically, it provided an affidavit from the Vice President of 1100WP. The affidavit stated that as of April 2009, the sale of the condo would result in a net loss of $34,000. Additionally, the affidavit stated that costs associated with the resale of the condo would amount to approximately 8% of the purchase price or $38,400. Apart from these costs, 1100WP stated that it would experience carrying costs totaling approximately $65,000. (*Id.*) However, 1100WP did not take into account that Wober breached the contract before he attempted to rescind the contract.

In Wober's reply, he maintained that the amount in controversy could not exceed the $51,400 earnest money. Wober introduced the presence of a liquidated damages clause and argued that the clause limited 1100WP to the $51,400 in escrow. The purchase agreement's liquidated damages clause states that if "Buyer's default is in failing to close on the scheduled date, then Seller can cancel this Agreement without giving Buyer any prior or (subsequent) notification or opportunity to close at a later date." (Pl. Supplemental Br., Ex. A. at § 14.) The purchase agreement further states that as compensation for such breach "Buyer authorizes Seller to keep...all deposits and other pre-closing advance payments...as Seller's sole and exclusive remedy." (*Id.*).

1100WP's sur-reply does not dispute the meaning of the liquidated damages clause. Instead, 1100WP argues Wober's suit for rescission represents a rejection of 1100WP's intent to proceed under the earnest money provisions of the parties' contract. Furthermore, 1100WP argues that its decision to seek release of the earnest money from USA Title cannot bar it from its right to a federal forum under 28 U.S.C. § 1332. However, the Court finds that 1100WP elected to pursue the money in escrow as its remedy under the contract. (Pl. Supplemental Br., Ex. A. at § 14 (providing that recovery of money in escrow is Buyer's "sole and exclusive remedy")); *see also, Kel-Keef Enterprise, Inc. v. Quality Components Corp.*, 316 Ill. App. 3d 998, 1011, 738 N.E.2d 524, 533, 250 Ill. Dec. 308, 317 (2000) (once the defendant elected its remedy, it became final and irrevocable). Here, 1100WP elected the liquidated damages clause as its remedy when it notified U.S.A. Title that Wober breached the contract and demanded the release of the funds in escrow.

The Court is persuaded by Wober's argument that the amount to be gained by either party cannot exceed the amount in escrow, $51,400. Pursuant to the liquidated damages clause in the purchase agreement, if Wober breaches, 1100WP is allowed to recover the earnest money. 1100WP already claimed that Wober breached the contract and elected to pursue the money in escrow as its "sole and exclusive remedy" under the contract. Thus, if 1100WP prevails in this case, the contract remains in force, Wober is in breach, and 1100WP will be entitled to the $51,400 in escrow. If Wober prevails, on the other hand, the contract will be rescinded and Wober will keep the $51,400 in escrow. Therefore, whatever the result, both parties stand to gain or lose is $51,400 at the most. This amount does not meet the requisite jurisdictional amount for this Court.

## CONCLUSION

For the above reasons, the Court grants the Plaintiff's motion to remand.

IT IS SO ORDERED.

_____2 / 18 / 10_____
Dated

Hon. William J. Hibbler
United States District Court